h KIRBY, Judge.
Plaintiff, Mark Schwartz, devolutively appeals the judgment in favor of the Defendants, Louisiana Insurance Guaranty Association (“LIGA”), as Statutory Obligor of Liberty Lloyds Insurance Company,[1] Gregory P. Bleuler, and State Farm Automobile Insurance Company, which found Mr. Schwartz one hundred percent (100%) at fault for his accident.

STATEMENT OF THE CASE

On or about February 11, 1990, Gregory Bleuler and Mark Schwartz were involved in an automobile accident. Mr. Schwartz was visiting New Orleans for the first time for a convention and was attempting to find his way back to his hotel from the French Quarter at the time of the accident. The police report indicates that Mr. Schwartz was lost at the time of the accident.
Mi\ Bleuler was returning from Pat O’Brien’s at night and proceeding down Claiborne Avenue in the left lane of travel. As Mr. Bleuler approached the | ^intersection 0f Claiborne and Canal Street, he observed Mr. Schwartz’s vehicle moving at a “snail’s pace” in the center lane. Mr. Bleuler thought that Mr. Schwartz’s car may have been breaking down. As Mr. Bleuler was in the process of traversing the intersection, Mr. Schwartz turned in front of him. At the time of the collision, Mr. Schwartz was in the process of making a left turn from the center lane of travel.
As a result of the accident, Mr. Schwartz suffered a herniated cervical disc and other injuries to his neck and arm.

ACTION OF THE TRIAL COURT

Trial of this matter was held on June 28, 1999. Judgment was signed in favor of Defendants, Liberty Lloyds Insurance Company, Gregory Bleuler, and State Farm Insurance Company, and against Plaintiff, Mark Schwartz, dismissing his claim with prejudice. The trial court found Mr. Schwartz completely at fault, because: “There was nothing Bleuler could have done to avoid the accident.”
Defendant/Appellee, Louisiana Insurance Guaranty Association, as Statutory Obligor of Liberty Lloyds Insurance Company, was inadvertently omitted from the July 14, 1999 Judgment. Therefore, an Amended Judgment was signed by Judge Giarrusso on September 10, 1999, in favor of defendants, Louisiana Insurance Guaranty Association, as Statutory Obligor of Liberty Lloyds Insurance Company, Gregory Bleuler, and State Faina Insurance Company, and against Plaintiff Mark Schwartz, dismissing Mr. Schwartz’s claim with prejudice at his cost.
From this Judgment, Plaintiff filed this devolutive appeal,

i;ASSIGNMENT OF ERROR

Plaintiff assigns an error to the trial court insofar as it failed to properly apply *748 pure comparative negligence law and did not apportion fault to each driver, as the facts compel, according to the Plaintiff.

STATEMENT OF THE LAW

The validity of this assignment of error hinges upon the factfinder’s inferences. For, if it is a permissible view of these facts that plaintiff was one hundred percent (100%) at fault, then that finding cannot be disturbed on review. Whenever findings of fact are concerned we, as an appellate court, must abide by the standard of review for findings of fact.
In our three-tiered judicial system, findings of fact are allocated to the trial courts. It is a well settled principle that an appellate court may not set aside a trial court’s finding of fact unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly wrong. Rosell, supra at 845; Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985); Arceneaux, supra at 1333. Where the factfinder’s conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what [95 0939 La. 5] is said. Rosell, supra at 844. The reviewing court must always keep in mind that if a trier of fact’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).
For the reviewing court, the issue to be resolved is not whether the trier of fact was wrong but whether the factfin-der’s conclusions were reasonable. Stobart, supra at 883; Theriot v. Lasseigne, 640 So.2d 1305 (La.1994).
Mistich v. Volkswagen of Germany, Inc., 95-0939 (La.1/29/96), 666 So.2d 1073, 1077.
In her Reasons for Judgment, the trial judge stated that she found there was nothing defendant could have done to avoid this accident. Plaintiff had turned into defendant’s lane of travel and was one hundred percent at fault. The police report did not offer any guidance as to whom the fault should fall on or if it should be partially shouldered by both parties. The evidence in this case was mainly based upon the conflicting testimony of plaintiff and defendant. The trial judge heard their testimony and had an opportunity to observe their demeanor. Thus, she was in the best position to make a finding of fact.
It is clear that a permissible view of this record would be that plaintiff was one hundred percent (100%) at fault because he cut in front of the defendant. This was the trial judge’s finding. We, as a court of appeal, have ho authority to reverse her findings of fact, even if, as finder of fact, we would have been inclined to another permissible view. Therefore, we affirm the trial court.
AFFIRMED.

. Liberty Lloyds Insurance Company concluded liquidation proceedings prior to trial. Accordingly, under the provisions of Louisiana law, the Louisiana Insurance Guaranty Association (LIGA), stands in place and stead of Liberty Lloyds, the defunct insurer.